## MURPHY v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1924.)

No. 4248.

1. **Criminal law ⚖➝753(2)—Refusal to direct verdict on ground of unlawful entrapment held not error.**

Refusal to direct verdict on ground defendant had been unlawfully entrapped and induced to sell intoxicating liquor to officers *held* not error, where indictment also charged unlawful possession, as to which there was no defense of entrapment, and where sentence was warranted under such count.

2. **Criminal law ⚖➝569—Evidence held insufficient to establish an unlawful entrapment of defendant.**

Evidence *held* insufficient to establish an unlawful entrapment of defendant.

In Error to the District Court of the United States for the Southern District of Georgia; William I. Grubb, Judge.

Robt. L. Colding, of Savannah, Ga., for plaintiff in error.

F. G. Boatright, U. S. Atty., of Cordele, Ga., and Chas. E. Donnelly, Asst. U. S. Atty., of Savannah, Ga. (Chas. L. Redding, Asst. U. S. Atty., of Savannah, Ga., on the brief), for the United States.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This is a writ of error seeking to reverse the judgment of the District Court of the United States for the Southern District of Georgia in the above-stated case. The sole ground of error alleged is because at the conclusion of the testimony counsel for the plaintiff in error moved for the direction of a verdict of not guilty because no evidence had been shown to justify the officers of the law in inducing the defendant to violate it, it being shown by the evidence that said officers had purchased from Murphy a case of liquor in order to show such violation. Said motion was overruled and Murphy duly convicted.

The evidence showed that information had been received that Murphy was engaged in the illegal sale of liquor and had it in his possession. He was indicted on seven counts, and put on trial upon a count for having in his possession liquor and on another count for the unlawful sale thereof.

[1, 2] The evidence was that having received this informtion, an officer of the government asked Murphy to sell him a case of whisky, and proof of such sale was made. We think the evidence fully justified the conviction. Regardless of said sale, the proof showed Murphy was in possession of said liquor unlawfully. The sentence would have been warranted by either count. There was no pretext that this unlawful possession was procured by the solicitation of any government officer. We do not think further that the proof showed a case of unlawful entrapping, but was a legitimate means of obtaining proof that the party charged with violating the law was engaged in the unlawful sale of said liquor.

The judgment is therefore affirmed.